[Cite as *State v. Reyes*, 2013-Ohio-1493.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0012** |
| WALTER E. REYES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2009 CR 0623.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Walter E. Reyes,* pro se, PID: A590238, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.,

{¶1} This matter is before this court on the pro se motion for leave of appellant, Walter E. Reyes, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal on February 13, 2013. Appellant appeals from his conviction and sentence of July 8, 2010. That entry indicates that the Portage County Court of Common Pleas sentenced appellant to a 30-year prison term after he pleaded guilty to the offenses of violating a protection order and rape.

{¶2} A timely notice of appeal from the July 8, 2010 judgment entry was due no later than August 9, 2010, which is not a weekend or a holiday. Appellant's notice of appeal was not filed until February 13, 2013, approximately two and a half years beyond the due date.

{¶3} No brief or memorandum in opposition to appellant's motion has been filed.

{¶4} App.R. 4(A) states, in part:

{¶5} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed ***."

{¶6} App.R. 5(A) provides:

{¶7} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) when he arrived at the Trumbull Correctional Institution, he

had no legal knowledge;  2) he wrote to Attorney Nancy Grim, who had represented him in prior traffic violations; 3) he wrote to "certain Universities seeking legal pro bono counsel," in addition to the Ohio Public Defender's Office and previous counsel Attorney Stephen Smith; 4) he claims that he had "taken affirmative steps after [his] conviction, to the best of [his] knowledge, for [he's] indigent, pro se, researching the matters [himself] and [he has] been seeking pro bono assistance to no avail."

{¶13}  The reasons asserted by appellant might justify a reasonable time delay in filing his appeal.  However, given the length of time of over two and one half years that has passed from the time of appellant's conviction and sentence until the filing of his notice of appeal and motion for delayed appeal, it is evident that appellant was not diligent in taking the proper steps to protect his own rights.

{¶14}  Accordingly, it is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶15}  Appeal dismissed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.