[Cite as *State v. Reyes*, 2014-Ohio-1679.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0049** |
| WALTER E. REYES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0623.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Shubhra N. Agarwal*, 3766 Fishcreek Road, Suite #289, Stow, OH 44224-4379 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal stems from the denial of a post-judgment motion in a criminal action before the Portage County Court of Common Pleas. Appellant, Walter E. Reyes, submits that the appealed judgment must be reversed because the trial court erred in ruling upon the merits of his motion to withdraw his guilty plea without first conducting a hearing on the matter. For the following reasons, this court holds that the substance of his argument is not properly before us in the context of this appeal.

{¶2} In June 2010, appellant agreed to plead guilty to four counts of rape and one count of violating a protection order. As part of the plea bargain, the state agreed to dismiss the remaining two counts of rape and six counts of unlawful sexual conduct with a minor. Initially, the written plea agreement contained a joint recommendation for a total prison term of twenty years. However, this recommendation was crossed out on the final version of the agreement.

{¶3} After holding a sentencing hearing in July 2010, the trial court rendered its final judgment imposing an aggregate term of thirty years on the four rape charges. As to the first three charges, the trial court imposed three separate terms of ten years, to be served consecutively to each other. As to the fourth charge, the court again imposed a ten-year term, but ordered that it be served concurrently with the other three terms.

{¶4} After serving over thirty months of his term, on April 23, 2013, appellant moved the trial court to withdraw his guilty plea, pursuant to Crim.R. 32.1. This motion raised four issues for consideration: (1) whether the trial court abused its discretion in not adopting the joint recommendation in the plea agreement regarding the length of his sentence; (2) whether the state failed to keep its contractual promise as to his sentence; (3) whether the trial court failed to make required findings of fact in imposing the thirty-year term; and (4) whether he had been improperly convicted of one form of rape that was not a lesser included offense of the form of rape set forth in his indictment.

{¶5} Without benefit of an oral hearing, the trial court overruled the motion to withdraw in an entry issued on May 6, 2013. Two days later, on May 8, 2013, appellant filled a second motion to withdraw his guilty plea. In this new motion, he predicated his request for relief entirely upon the allegation that he was denied effective assistance of

2

trial counsel prior to entering into the plea agreement.

{¶6} Before the trial court could go forward on the second motion to withdraw, appellant brought this appeal from the denial of his first motion to withdraw. As a result, the second motion remains pending at the trial level.

{¶7} In his brief for this appeal, appellant raises one assignment of error for our review:

{¶8} "The trial court committed reversible error and plain error in denying without a hearing [appellant's] motion to withdraw [his] guilty plea."

{¶9} As noted above, appellant's first motion to withdraw asserted four issues relating to his plea agreement and sentence; none of those issues addressed whether he should be permitted to retract his guilty plea due to ineffective assistance of trial counsel. In arguing under his sole assignment that the general substance of his motion was sufficient to warrant an evidentiary hearing, appellant refers to two of the four issues cited in his first motion. Moreover, the majority of his "hearing" contention focuses upon his "ineffective assistance" argument, a point that was only addressed in his second motion to withdraw.

{¶10} In his brief, appellant maintains that, since the trial court has never issued a judgment on his second motion, it must be assumed that the court has also overruled the second motion. In light of this, he submits that the substance of his second motion can be considered in this appeal. However, when an appeal from a prior judgment is filed while a motion to withdraw a guilty plea is pending, the trial court is divested of all jurisdiction to proceed on the pending motion. *Brody v. Lucci*, 11th Dist. Lake No. 2011-L-139. 2012-Ohio-1132, ¶30-32. Thus, the denial of appellant's second motion cannot

be inferred, and the motion remains pending at the trial level.

{¶11} Given that the trial court has not had an opportunity to rule upon the merits of appellant's "ineffective assistance" argument, it cannot be reviewed in the context of this appeal. Accordingly, this opinion will only address the merits of the two issues cited in appellant's first motion to withdraw that have been referenced in his appellate brief. As noted above, the two disputed issues were interrelated. First, appellant asserted that the trial court abused its discretion in not accepting the joint recommendation for sentencing in the plea agreement. Second, he contended that, since he was sentenced to an aggregate term greater than twenty years, the state failed to keep its promise as to the extent of his sentence.

{¶12} When a Crim.R. 32.1 motion to withdraw a guilty plea is made following the imposition of sentence, the defendant will only be entitled to relief when he carries the burden of establishing that the withdrawal is needed to correct a manifest injustice. *State v. Borecky*, 11th Dist. Lake No. 2007-L-197, 2008-Ohio-3890, ¶14, quoting *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, at *7-9. The decision to grant or deny a motion to withdraw lies within the trial court's sound discretion; thus, the scope of an appellate court's review is limited to determining if an abuse of discretion occurred. *Id*. at ¶15. Under this standard, a ruling on a motion to withdraw will only be reversed when the trial court has failed to employ sound, reasonable, and legal decision-making. *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶10, quoting *State v. Beechler*, 2nd Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62.

{¶13} In regard to the need for an evidentiary hearing prior to the issuance of a

4

ruling, a "'trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *Caskey*, at ¶11, quoting *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, ¶6 (8th Dist.).

{¶14} In raising the "recommendation" issues at the trial level, appellant attached to his first motion copies of two documents: (1) the initial letter the assistant prosecutor sent appellant's trial counsel concerning a possible plea bargain; and (2) the written plea agreement. As originally written, the plea agreement contained a clause stating a joint recommendation of an aggregate sentence of twenty years; however, the clause was crossed-out on the final draft. In relation to what occurred during the plea hearing, appellant alleged in his motion that the trial court chose to "ignore" the sentencing recommendation by crossing the clause out with a pen. He further alleged that the trial court did not provide an explanation for rejecting the recommendation.

{¶15} According to appellant's own allegations, the disputed clause in the plea agreement only stated a *recommendation* as to the length of his sentence. As no actual promises were made as to sentencing, the trial court was not bound by the clause, and therefore had the discretion to reject the recommendation. As to the alleged absence of any explanation for the decision, appellant failed to state in his motion how the lack of an explanation adversely affected the validity of his guilty plea.

{¶16} As to the state/prosecutor, there is no indication in the plea agreement that the state promised that appellant would not be sentenced to more than twenty years. Instead, the state only promised to make the joint recommendation. Therefore,

5

appellant's own allegations support the conclusion that the state did not breach the terms of the plea agreement. *See State v. Yonkings*, 9th Dist. Lorain No. 91CA0050023, 1991 Ohio App. LEXIS 3232.

{¶17} In his appellate brief, appellant maintains that the trial court should have conducted an evidentiary hearing to determine whether the joint recommendation was withdrawn from the plea agreement before it was submitted to the trial court. But, as part of his allegations in his first motion, appellant expressly stated that it was the trial judge who chose to delete the recommendation. He never alleged that the decision to delete was made by his trial counsel or the assistant prosecutor.

{¶18} Appellant further maintains in his brief that an evidentiary hearing on his first motion to withdraw should have been held to determine whether, in entering the guilty plea, he understood that the trial court was not obligated to follow the sentencing recommendation. However, this particular argument was never raised in the first motion to withdraw. As a result, appellant is barred from asserting the argument on appeal.

{¶19} Taken as a whole, the allegations in appellant's first motion to withdraw his guilty plea were insufficient to carry his initial burden of showing the existence of a manifest injustice in relation to the joint sentencing recommendation. Hence, the trial court acted within the scope of its sound discretion in denying the first motion without benefit of an evidentiary hearing. Appellant's sole assignment of error lacks merit.

{¶20} It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs,

CYNTHIA WESTCOTT RICE, J., concurs.