[Cite as *State v. Reyes*, 2015-Ohio-5344.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0009** |
| WALTER E. REYES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0623.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Walter E. Reyes*, pro se, PID: A590-238, Madison Correctional Institution, P.O. Box 740, 1851 State Route 56, London, OH 43140 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}     Appellant, Walter E. Reyes, appeals the trial court's decision denying his petition to vacate his conviction and sentence in the underlying criminal action. Upon reviewing the entire record, including appellant's prior delayed appeal, this court holds that the denial of the petition was justified because he failed to file the petition timely.

{¶2}     In June 2010, appellant pleaded guilty to four counts of rape and one count of violating a protective order. After accepting appellant's plea and conducting a

separate sentencing hearing, the trial court sentenced him to an aggregate prison term of thirty years and found him to be a Tier III sex offender.

{¶3}    During the sentencing hearing, the trial court did not inform appellant that he had the right to appeal the propriety of his guilty plea and sentence. In addition, the final sentencing judgment did not contain any reference to that right.

{¶4}    Appellant did not bring a timely appeal from the final judgment. However, approximately thirty months after his conviction, he moved this court for leave to bring a delayed appeal. As the primary basis for his motion, appellant asserted that, at the time he began to serve his prison, he had no knowledge of his right to appeal. In overruling the motion for a delayed appeal, we concluded that appellant failed to state a justifiable reason for waiting thirty months prior to pursuing his appellate rights. *State v. Reyes*, 11th Dist. Portage No. 2013-P-0012, 2013-Ohio-1493.

{¶5}    Approximately twenty months after the issuance of our decision, appellant filed his petition to vacate the final sentencing judgment, pursuant to R.C. 2953.21. In his petition, he argued that the trial court violated his due process rights by not informing him of his right to appeal at the time of his conviction in 2010. Based on this, appellant contended that the trial court had a duty to vacate the existing sentencing judgment and issue a judgment so that he could bring a timely appeal from his conviction.

{¶6}    Within four days of the filing of appellant's petition, the trial court rendered a judgment denying it. On appeal from this decision, he asserts one assignment of error for review:

{¶7}    "The trial court abused its discretion in denying the petition to vacate or set aside judgment of conviction or sentence without a hearing."

{¶8}    Under this sole assignment, appellant restates the argument that formed

2

the basis of his petition to vacate. Citing *State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995), he maintains that, when a trial court commits an error that deprives a defendant of his right to appeal his conviction, a new sentencing judgment must be issued so that the running of the thirty-day period for filing a direct appeal can begin anew.

{¶9} In *Gover*, the trial court informed the defendant of his right to appeal his conviction at the sentencing hearing. In addition, upon the defendant's request, the trial court issued a separate order appointing a new attorney to represent him in the appeal. However, the proper steps were not taken to inform the attorney of the appointment. As a result, a timely appeal was not filed. Ten months later, when the defendant realized what had occurred, he moved the appellate court for a delayed appeal on the specific basis that he believed an appointed attorney would be bringing the appeal on his behalf. After the appellate court denied the motion for a delayed appeal, a state public defender moved that court to reconsider the issue. When that motion was also denied, the matter was appealed to the Ohio Supreme court.

{¶10} In the first part of its opinion, the *Gover* court held that, since the denial of the right to appellate counsel was due to an error at the trial level, a motion before the appellate court was not the appropriate way for the defendant to seek relief. *Id*. at 580. Instead, the defendant should seek relief before the trial court:

{¶11} "Rather, Gover should himself file a petition for postconviction relief under R.C. 2953.21. The time between the entry of the judgment of conviction and the filing of the postconviction relief petition will not be problematic, since a petition under that statute may be filed 'at any time.' R.C. 2953.21(A). Following the filing of the petition, R.C. 2953.21(C) requires that the trial court consider whether the petition presents substantive grounds for relief. We have already established that a failure by a trial court to notify

3

appointed appellate counsel of his appointment qualifies as a denial of the defendant's right to counsel * * *. Therefore, the trial court should move immediately to a hearing to determine whether such a denial occurred in this case. R.C. 2953.21(E). If so, the court must determine what relief should be granted. The appropriate avenue of relief in this case is for the trial court to reenter the judgment against the defendant, with the result of reinstating the time within which the defendant may timely file a notice of appeal pursuant to App.R. 4(A). See *State v. Miller* (1988), 44 Ohio App.3d 42, 541 N.E.2d 105." *Id.* at 580-581.

{¶12} As expressly noted in the quote, at the time the *Gover* opinion was issued in 1995, there was no time limit for the filing of a postconviction relief petition under R.C. 2953.21. But the statute has been amended during the interim period. R.C. 2953.21(A)(2) now provides that if the defendant does not file a notice of appeal from his conviction, the petition must be filed within 180 days following the expiration of the thirty-day period for bringing such an appeal. The only exceptions to this time limit are set forth in R.C. 2953.23. The only potentially applicable portion of that statute, division (A)(1)(a), states that an untimely petition can be considered when the petitioner shows that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, * * *."

{¶13} As noted above, appellant's postconviction petition is predicated upon the assertion that the trial court never told him of his right to appeal during the sentencing hearing. As part of his appellate argument, he contends that he was not aware of the lack of proper notification until the court reporter produced a transcript of the sentencing hearing in March 2015, approximately one month *after* he filed his petition with the trial court. He also asserts that, although he previously asked the court reporter to produce the

4

transcript in 2013, she was unable to do so at the time because her notes on that hearing had been misplaced.

{¶14} However, there is no dispute that appellant filed his motion for a delayed appeal with this court in February 2013. By submitting such a motion, he was obviously aware that he failed to file a timely direct appeal from his conviction, and that this failure was attributable, at least in part, to the lack of notification of his right to appeal during the sentencing hearing. Despite this, he waited two more years, i.e., February 2015, to file his petition to vacate the existing sentencing judgment.

{¶15} Given the 180 day-time limit in R.C. 2953.21(A)(2), the Ohio General Assembly clearly intended that petitions for postconviction relief be brought as soon as possible; i.e., a convicted defendant must be diligent in determining whether a violation of his constitutional rights happened in his case. In this case, while appellant may not have been aware of the right to appeal immediately after his conviction, he "discovered" the existence of the right, and the underlying violation of that right, by February 2013.

{¶16} By waiting two full years to file his postconviction petition, appellant did not act with due diligence in raising the issue before the trial court. Therefore, the petition to vacate under R.C. 2953.21 was not filed timely. For this reason, the trial court did not abuse its discretion in denying the petition without the benefit of a hearing. Appellant's sole assignment of error is not well taken.

{¶17} The judgment of the Portage County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

5