[Cite as *State v. Reyes*, 2016-Ohio-5673.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0010** |
| WALTER E. REYES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0623.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Walter E. Reyes*, pro se, PID: A590-238, Madison Correctional Institution, P.O. Box 740, 1851 State Route 56, London, OH 43140 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Walter E. Reyes, appeals the trial court's denial of his third motion to withdraw his guilty plea. He asserts that the motion should have been granted because his evidentiary materials were sufficient to show that his guilty plea was not taken in compliance with Crim.R. 11(C). We affirm.

{¶2} Appellant was initially charged with twelve felony sex offenses under two indictments. In June 2010, he pleaded guilty to four counts of rape and one count of

violating a protection order. The state dismissed the remaining rape counts and six counts of unlawful sexual conduct with a minor.

{¶3} One month later, after conducting a separate sentencing hearing, the trial court imposed an aggregate prison term of thirty years. Regarding the four rape counts, the trial court imposed four separate ten-year terms, with three counts to be served consecutively, and the last concurrently. The court sentenced appellant to a concurrent term of twelve months for violating the protection order.

{¶4} Appellant did not appeal. After serving approximately thirty months, he moved this court for leave to file a delayed appeal. That motion was overruled. *State v. Reyes*, 11th Dist. Portage No. 2013-P-0012, 2013-Ohio-1493.

{¶5} Within thirty days of the release of our "delayed appeal" opinion, appellant filed two motions with the trial court to withdraw his guilty plea under Crim.R. 32.1. In his first motion, he asserted four arguments as to the propriety of his sentence on the four rape counts. In the second, he argued that he was denied effective assistance of trial counsel during the negotiation of the plea agreement. Prior to the filing of the second motion, the trial court issued a separate judgment denying the first motion to withdraw, and appellant immediately appealed. In *State v. Reyes*, 11th Dist. Portage No. 2013-P-0049, 2014-Ohio-1679, we affirmed the trial court's ruling. After this court relinquished jurisdiction, the trial court denied the second motion to withdraw. No appeal was taken from that judgment.

{¶6} In February 2015, appellant filed a petition for postconviction relief under R.C. 2953.21, claiming that he was denied his right to due process when the trial court did not inform him of his right to appeal the 2010 sentencing judgment. He stated that

2

the due process violation rendered the 2010 judgment void, and that the trial court was obligated to issue a new sentencing judgment. Again, the trial court denied the petition, and appellant timely appealed the decision. In *State v. Reyes*, 11th Dist. Portage No. 2015-P-0009, 2015-Ohio-5344, we affirmed, holding that appellant did not timely submit the petition.

{¶7} Approximately one month after the release of our third opinion, appellant filed a third motion to withdraw his guilty plea. As the grounds, he maintained that his plea was not knowingly because, during the plea colloquy, the trial court failed to inform him that he would be subject to a mandatory prison term for each of the four rape counts. In support, appellant relied upon statements in his written guilty plea, statements made by the trial court during his sentencing hearing, and statements in trial court judgments. However, he was unable to provide a transcript of the plea hearing.

{¶8} On the same day this motion to withdraw was filed, the trial court issued a separate judgment denying the motion without hearing. In appealing this decision, appellant assigns the following as error:

{¶9} "[1.] The trial court erred when it failed to hold a hearing and explain its reasoning when it denied the post-sentence motion to withdraw pleas, Crim.R, 32.1 without a hearing, when the error is apparent on the face of the record.

{¶10} "[2.] The trial court failed to comply with Crim.R. 11(C)(2)(a)."

{¶11} Appellant's second assignment will be considered first. In asserting that the motion has merit, he contends that his guilty plea is invalid because the trial court did not tell him during the plea hearing that prison is mandatory for the four rape counts. He argues that his plea was not made intelligently or knowingly because he would not

3

have agreed to plea if he had known. Based upon this, he further argues that his guilty plea is void.

{¶12} Given the context in which it was raised, the merits of appellant's Crim.R. 11(C) argument were not properly before the trial court for consideration. Specifically, his argument as to the validity of his guilty plea was barred under the doctrine of res judicata. In regard to criminal convictions, the doctrine generally provides:

{¶13} "'[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that *was raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, or *on an appeal* from that judgment.' *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus (emphasis sic.)." *State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶9.

{¶14} Res judicata is applicable to issues asserted in a post-sentence motion to withdraw a guilty plea; i.e., if an issue could have been reviewed in a direct appeal from the sentencing judgment, it is barred from consideration in a post-sentence motion. *Id*. at ¶8. This court has expressly followed the doctrine when the defendant has used a post-sentence motion to withdraw as a means of challenging the trial court's compliance with Crim.R. 11(C) in the taking of the guilty plea. *See State v. Lorenzo*, 11th Dist. Lake No. 2007-L-085, 2008-Ohio-1333, ¶21; *State v. Combs*, 11th Dist. Portage No. 2007-P-0075, 2008-Ohio-4158, ¶30.

{¶15} In contending that he could contest the validity of his guilty plea in his third post-sentence motion to withdraw the plea, appellant cites *Boykin v. Alabama*, 395 U.S.

238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for the proposition that a guilty plea is rendered void if it was not made knowingly or voluntarily. However, *Boykin* involved a direct plea from the sentencing judgment, not from the denial of a post-sentence motion. Moreover, the *Boykin* court did not consider whether res judicata bars review of an alleged "void" guilty plea in any context except a direct appeal from the conviction. In addition, in the forty-five years since the issuance of *Boykin*, no federal or state court has interpreted the "void" language in that opinion to mean that the validity of a guilty plea can be raised at any time following the imposition of sentence.

{¶16} Since appellant could have challenged the validity of his guilty plea in a direct appeal immediately after his conviction in 2010, res judicata bars any review of that issue in a post-sentence motion to withdraw a plea. On that basis alone, the denial of his third motion to withdraw was justified. Accordingly, appellant's second assignment lacks merit.

{¶17} Turning to the first assignment, appellant argues that the trial court abused its discretion in not conducting an evidentiary hearing on his motion to withdraw prior to issuing its judgment. But, a hearing on a post-sentencing motion to withdraw a guilty plea is only required when the defendant's allegations, if accepted as true, would warrant the withdrawal of the plea. *State v. Brody*, 11th Dist. Lake Nos. 2012-L-050. 2012-L-051, and 2012-L-052, 2013-Ohio-340, ¶23, quoting *State v. Whiteman*, 11th Dist. Portage No. 2001-P-0096, 2003-Ohio-2229, ¶19. Given that appellant's argument is barred under res judicata, there were no set of facts under which he would be entitled to withdraw his guilty plea. Accordingly, an evidentiary hearing was unnecessary.

{¶18} As a separate argument, appellant contends that the trial court erred in not

explaining the basis for its decision by providing finding of facts and conclusions of law. However, in applying Crim.R. 32.1, this court has held that a trial court has no obligation to state findings of fact and conclusions of law as part of its judgment denying a motion to withdraw. *State v. Desellams*, 11th Dist. Lake No. 98-L-053, 1999 Ohio App. LEXIS 458, *12 (Feb.12, 1999). Thus, since the trial court did not commit any procedural error in rendering its decision, appellant's first assignment is also without merit.

{¶19} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

6