[Cite as *State v. Reyes*, 2021-Ohio-3478.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0014 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the<br>Court of Common Pleas |
| WALTER E. REYES, | |
| Defendant-Appellant. | Trial Court No. 2009 CR 00623 |

### **O P I N I O N**

Decided: September 30, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Walter E. Reyes*, pro se, PID# A590-238, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Walter E. Reyes, appeals the trial court's judgment entry denying his "motion to vacate classification" without a hearing. We affirm.

{¶2} In June 2010, Reyes pleaded guilty to four counts of rape, which had occurred between October 1, 2006, and January 1, 2007, and a subsequent count of violating a protection order. The trial court sentenced Reyes on July 8, 2010, to an aggregate 30-year prison term and classified him a Tier III Sex Offender.

{¶3} In 2013, this court denied Reyes leave to file a delayed direct appeal and, in 2014, upheld the trial court's denial of Reyes' first motion to withdraw his guilty pleas. *State v. Reyes*, 11th Dist. Portage No. 2013-P-0012, 2013-Ohio-1493; *State v. Reyes*, 11th Dist. Portage No. 2013-P-0049, 2014-Ohio-1679. In 2015, this court upheld the trial court's denial of Reyes' untimely postconviction relief petition and, in 2016, upheld the trial court's denial of Reyes' third motion to withdraw his guilty pleas. *State v. Reyes*, 2015-Ohio-5344, 55 N.E.3d 485 (11th Dist.); *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673.

{¶4} The matter now before us is the trial court's denial of Reyes' motion to vacate his Tier III Sex Offender classification, from which Reyes advances one assignment of error:

> The trial court abused its discretion by failing to vacate the void Tier III classification, which violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws.

{¶5} In his motion, Reyes argued that the trial court should not have classified him under Am.Sub.S.B. No. 10 ("S.B. 10"), Ohio's version of the Adam Walsh Act, because the rape offenses were committed prior to S.B. 10's effective date of January 1, 2008. Citing as authority *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, Reyes argued his classification was void and sought reclassification under Megan's Law, the law in effect at the time of his offenses. In *Williams*, the Supreme Court of Ohio held that "[S.B. 10], as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Williams* at syllabus.

2

{¶6} On appeal, Reyes argues the trial court's failure to vacate his classification under its continuing jurisdiction to correct void judgments was an abuse of discretion. The state of Ohio responds that any alleged error regarding Reyes' classification is voidable, not void, and that he is barred by the doctrine of res judicata from collaterally attacking a voidable error on appeal.

{¶7} Void judgments may be reviewed at any time, on direct appeal or by collateral attack. *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-Ohio-3964, ¶ 12. A voidable judgment, on the other hand, may be set aside only if successfully challenged on direct appeal. *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28. Whether a sentencing entry is void or voidable raises a question of law that we review de novo. *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 43, citing *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5 and *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8 ("an appellate court's standard of review on the denial of a motion to vacate void judgment is de novo").

{¶8} After years of expanding on the void sentence doctrine, in the cases of *Harper* and *Henderson,* the Supreme Court of Ohio returned to the "traditional understanding" of void and voidable judgments. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34. Pursuant to the traditional view, "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the

3

case and the person, any error in the court's exercise of that jurisdiction is voidable."

*Henderson* at ¶ 43.

{¶9} There is no question that this felony offense case was within the trial court's subject matter jurisdiction, *see* R.C. 2931.03, and Reyes raises no challenge regarding personal jurisdiction. Accordingly, any error in his classification, including any constitutional violation, would result in a voidable judgment. "The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Henderson* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 495, 159 N.E. 594 (1927).

{¶10} Reyes did not challenge his classification in a timely direct appeal, which would have been his earliest available opportunity to do so. In certain circumstances, however, a voidable judgment may be challenged via a postconviction relief petition. "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a postconviction relief petition, "stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief[.]" R.C. 2953.21(A)(1)(a)(i).

{¶11} "A motion can be construed as one for postconviction relief where it 'was filed subsequent to a direct appeal, claimed a denial of a constitutional right, sought to render a judgment void, and asked for the vacation of the judgment and sentence.'" *State v. Garner*, 11th Dist. Lake No. 2018-L-057, 2018-Ohio-4661, ¶ 11, quoting *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16; *State v. Schlee*, 117 Ohio

4

St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."). Reyes' motion to vacate his classification substantively falls within R.C. 2953.21 and is therefore construed as a postconviction relief petition.

{¶12} We review the trial court's denial of a postconviction relief petition without a hearing for an abuse of discretion. *State v. Miller*, 11th Dist. Lake No. 2019-L-084, 2020-Ohio-3329, ¶ 8-10, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51-52, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶13} "If no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a). Pursuant to R.C. 2953.23(A), "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies[.]" Only division (A)(1) is relevant here, which states that both of the following conditions apply to an untimely, second, or successive petition:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

5

{¶14}    Reyes' motion to vacate his classification was filed years past the expiration of the time for filing a direct appeal, and he does not contend that he was unavoidably prevented from discovery of the facts upon which he relies.  Additionally, he does not contend that, subsequent to the filing of his earlier postconviction relief petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation.  Even the syllabus in *Williams* was decided by the Supreme Court of Ohio prior to Reyes' first postconviction relief petition.

{¶15}    Reyes' classification was not void; his motion, construed as a postconviction relief petition, was untimely; and he has not established the statutory conditions for the trial court to consider a second petition.  On this basis alone, the trial court did not abuse its discretion in denying the motion without a hearing.  *See State v. VanPelt*, 11th Dist. Portage No. 2014-P-0058, 2015-Ohio-1070, ¶ 17 ("When dismissing a petition upon the grounds that it was untimely, the trial court is under no obligation to hold a hearing or to issue findings of fact and conclusions of law." (Citations omitted.)).

{¶16}    Moreover, under the doctrine of res judicata, "a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶ 38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, and *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).  Because Reyes could have challenged the trial court's retroactive application of the Adam Walsh Act in a timely direct appeal from his conviction, any review of that issue in a postconviction relief petition is barred by res judicata.  Thus, even if Reyes' motion had satisfied the statutory requirements, the

6

trial court's denial of the motion without a hearing was not an abuse of discretion.  *State v Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶ 26, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1976) ("where the petition shows it is barred by res judicata, the trial court may dismiss the petition without a hearing").

{¶17}	Reyes' sole assigned error lacks merit, and the judgment of the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.