[Cite as *State v. Reyes*, 2022-Ohio-4046.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>WALTER E. REYES,<br><br>Defendant-Appellant. | CASE NO. 2022-P-0018<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2009 CR 00623 |

# **O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Walter E. Reyes*, pro se, PID# A590-238, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Walter E. Reyes, appeals the judgment denying his postconviction motion to reclassify him under Megan's Law. We affirm.

{¶2} In June 2010, Reyes pleaded guilty to four counts of rape, committed between October 1, 2006, and January 1, 2007, and a subsequent count of violating a protection order. The trial court sentenced Reyes on July 8, 2010, to an aggregate 30-year prison term. Reyes was classified a Tier III Sex Offender under the Adam Walsh Act, in effect at the time of Reyes' sentencing. Megan's Law, however, was in effect at the time Reyes committed the offenses.

{¶3} In 2013, this court denied Reyes leave to file a delayed direct appeal and, in 2014, upheld the trial court's denial of Reyes' first motion to withdraw his guilty pleas. *State v. Reyes*, 11th Dist. Portage No. 2013-P-0012, 2013-Ohio-1493; *State v. Reyes*, 11th Dist. Portage No. 2013-P-0049, 2014-Ohio-1679. In 2015, this court upheld the trial court's denial of Reyes' untimely postconviction relief petition and, in 2016, upheld the trial court's denial of Reyes' third motion to withdraw his guilty pleas. *State v. Reyes*, 2015-Ohio-5344, 55 N.E.3d 485 (11th Dist.); *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673.

{¶4} Most recently, in 2021, this court upheld the trial court's denial of Reyes' motion to vacate his Tier III Sex Offender classification. *State v. Reyes*, 11th Dist. Portage No. 2021-P-0014, 2021-Ohio-3478. In that appeal, Reyes argued that the trial court's failure to vacate his Adam Walsh Act classification under its continuing jurisdiction to correct void judgments was an abuse of discretion. *Id.* at ¶ 6. We rejected this argument because "any error in his classification, including any constitutional violation, would result in a voidable judgment." *Id.* at ¶ 9. We upheld the trial court's decision because "Reyes' classification was not void; his motion, construed as a postconviction relief petition, was untimely; and he [had] not established the statutory conditions for the trial court to consider a second petition." *Id.* at ¶ 15. Moreover, "[b]ecause Reyes could have challenged the trial court's retroactive application of the Adam Walsh Act in a timely direct appeal from his conviction, any review of that issue in a postconviction relief petition [was] barred by res judicata." *Id.* at ¶ 16.

2

Case No. 2022-P-0018

{¶5} The matter now before us is the trial court's denial of Reyes' pro se motion to reclassify him under Megan's Law, from which Reyes advances one assignment of error:

> The trial court abused its discretion when it denied Appellant's motion to classify Defendant under Megan's [Law], because the classification requirements inherent in Megan's Law are civil and remedial, and are not a punishment within the defendant's sentence.

{¶6} Ohio's version of Megan's Law, the codified system for the classification and registration of sex offenders in effect at the time Reyes committed the rape offenses, was enacted in 1996 and significantly amended in 2003 (Am.Sub.S.B. No. 5, 2003 Ohio Laws File 29). The Supreme Court of Ohio consistently held that Megan's Law was a remedial statute providing civil consequences of a sex offense conviction, rather than a punitive component of a criminal sentence. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 10-11.

{¶7} Ohio's version of the Adam Walsh Act, the current codified system, was enacted in 2007 (Am.Sub.S.B. No. 10, 2007 Ohio Laws File 10) and was in effect when Reyes was sentenced in 2010. The Adam Walsh Act repealed Megan's Law and replaced it with new classification standards and additional registration requirements. In 2011, the Supreme Court of Ohio held that, unlike Megan's Law, these registration requirements are punitive and therefore a part of the offender's criminal sentence. *Williams* at ¶ 21. Accordingly, the Adam Walsh Act, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus.

3

Case No. 2022-P-0018

**{¶8}** Reyes contends that the trial court has jurisdiction to reclassify him under Megan's Law because his sentence and classification "are separate entries and treated as separately appealable orders."

**{¶9}** First, the premise of Reyes' argument—that the trial court has jurisdiction to reclassify him because the sentence and classification are treated as separate orders under Megan's Law—is misplaced. Reyes was classified under the Adam Walsh Act, meaning the registration requirements are a punitive component of his criminal sentence. *See Williams* at ¶ 21*; see also State v. Schilling,* 1st Dist. Hamilton No. C-210363, 2022-Ohio-1773, ¶ 9.

**{¶10}** We have already determined, in Reyes' last appeal, that his failure to file a timely direct appeal resulted in the forfeiture of his challenge to the trial court's retroactive application of the Adam Walsh Act and that his collateral attack on this alleged sentencing error is barred by the doctrine of res judicata. *Reyes*, 2021-Ohio-3478, at ¶ 9, ¶ 16; *see also State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 90 (Donnelly, J., dissenting), citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 41 ("A direct appeal is the available legal process to address a trial court's alleged sentencing error, and the failure to challenge a sentencing error on direct appeal operates as res judicata to any later collateral attack on the judgment.").

**{¶11}** Reyes attempted to reframe his challenge, filing a motion for reclassification rather than a motion to vacate his classification, but the result is the same. Because the trial court had subject matter jurisdiction and personal jurisdiction over Reyes, any error in the sentence—including the Adam Walsh Act Tier III classification—was voidable, not void. *Reyes*, 2021-Ohio-3478, at ¶ 8-9, citing *Henderson* at ¶ 43. Thus, even though

4

retroactive application of the Adam Walsh Act is an error that is constitutional in nature, it cannot be corrected now because Reyes did not timely and directly appeal his sentence. *Reyes*, 2021-Ohio-3478, at ¶ 9-10, citing *Henderson* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 495, 159 N.E. 594 (1927).

{¶12} For this reason, the trial court has no authority to enter an order reclassifying Reyes under Megan's Law and did not err in denying Reyes' motion. *See also Schilling*, 2022-Ohio-1773, at ¶ 20 (where the First District vacated the trial court's order reclassifying under Megan's Law an offender who was originally, and retroactively, classified under the Adam Walsh Act).

{¶13} Reyes relies on an opinion from the Twelfth District, which held that the Supreme Court's "voidable criminal sentence" analysis in *Henderson* does not apply to Megan's Law reclassification proceedings because they are civil in nature. *State v. Jones*, 12th Dist. Butler No. CA2020-07-080, 2021-Ohio-2149, ¶ 22. In *Henderson*, the Supreme Court of Ohio held that "sentences based on an error are voidable, if the court imposing the sentence had jurisdiction over the case and the defendant, including sentences in which a trial court failed to impose a statutorily mandated term." *Henderson*, 2020-Ohio-4784, at ¶ 27. "The question simply turns on whether the court had jurisdiction over the subject matter and the person." *Id.* at ¶17, citing *Tari* at 492. *Henderson* marked a return, in sentencing cases, to the traditional distinction between void and voidable judgments in *all* cases, specifically recognizing that "adopting anything but a bright-line jurisdictional rule to govern all cases, *civil and criminal*, would 'result in hopeless confusion.'" (Emphasis added.) *Henderson* at ¶ 18, quoting *Tari* at 498. In *Jones*, the Twelfth District refused to apply *Henderson* to the defendant's reclassification because

5

Megan's Law proceedings are civil and remedial, not criminal. *Jones* at ¶ 30-31. It noted that the Supreme Court of Ohio held that Megan's Law does not affect the finality of a sentence because it is a civil, remedial consequence of a conviction. *Id.* at ¶ 24, citing *State ex rel. Grant v. Collins*, 155 Ohio St.3d 242, 2018-Ohio-4281, 120 N.E.3d 804, ¶ 17.

{¶14} We find the reasoning in *Jones* unpersuasive. First, *Collins* was decided prior to *Henderson*. Further, the well-established law of void versus voidable was relied on, but not created, by *Henderson*. Yet the Twelfth District does not explain why the distinction does not apply to Megan's Law merely because it is a civil judgment. Moreover, the pronouncement in *Collins* was made in the context of a prohibition action. The Supreme Court affirmed the dismissal of the action on the basis that the trial court did not patently or unambiguously lack jurisdiction to proceed with a Megan's Law classification hearing nearly three decades after the defendant's conviction. *Collins* at ¶ 18. The defendant had never been classified under any law during that time and remained in prison. *Id.* at ¶ 2, ¶ 14. Thus, the Supreme Court was emphasizing that the criminal sentence and the separate classification under Megan's Law need not be imposed at the same time, i.e., the finality of the criminal sentence did not foreclose the trial court from imposing civil consequences under Megan's Law decades later. The Court did not hold, however, that the finality of the criminal sentence rendered a classification error void and subject to collateral attack. We do not agree with and decline to adopt the Twelfth District's reasoning in *Jones. See also Schilling* at ¶ 20 ("We decline to adopt the reasoning in *Jones.* Instead, we follow the reasoning in *Reyes.*").

6

Case No. 2022-P-0018

{¶15} Reyes' sole assigned error is without merit, and the judgment of the Portage County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

7