[Cite as *State v. Reyes*, 2024-Ohio-403.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-P-0018 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| WALTER E. REYES, | |
| Defendant-Appellant. | Trial Court No. 2009 CR 00623 |

**O P I N I O N**

Decided: February 5, 2024
Judgment: Reversed; remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Stephen P. Hardwick*, Assistant Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} This matter is before this court on remand from the Ohio Supreme Court for further consideration based upon its holding in *State v. Schilling*, 172 Ohio St.3d 479, 2023-Ohio-3027, --- N.E.3d ----. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

{¶2} This appeal involves Ohio's sex offender registration and reporting provisions. "The current statutory scheme for sex offender registration and classification was enacted in 2007 under R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10, and is based

on the federal Adam Walsh Act [("the AWA")], Section 16901 et seq., Title 42, U.S.Code." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 7. The AWA tier system replaced the prior scheme for the classification and registration of sex offenders, known as Megan's Law. *Id.* Although Ohio's version of the AWA was not effective until January 1, 2008, the statutory scheme, as enacted, included provisions intended to apply retroactively. In *Williams*, an offender challenged the constitutionality of these retroactive provisions of Ohio's AWA, and the Ohio Supreme Court agreed that application of Ohio's AWA to those who committed their offenses prior to its enactment violated the Ohio Constitution's ban on retroactive laws. *Williams* at syllabus.

**{¶3}** Accordingly, pursuant to the Ohio Supreme Court's decision in *Williams*, separate statutory schemes apply to classifying sex offenders depending on when they committed their underlying offenses. *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 17. "The AWA applies to sex offenses committed on or after January 1, 2008; Megan's Law applies to sex offenses committed prior to January 1, 2008, even if the defendant was convicted after the AWA's January 1, 2008 effective date." *Schilling* at ¶ 7, citing *Howard* at ¶ 17.

**{¶4}** With respect to the present case, in June 2010, Reyes pleaded guilty to four counts of rape, committed between October 1, 2006, and January 1, 2007, and a subsequent count of violating a protection order. In an entry dated July 8, 2010, the court sentenced Reyes to an aggregate 30-year prison term and classified him as a Tier III Sex Offender under the AWA. However, pursuant to *Williams*, which was decided the year after Reyes was sentenced, because the offenses occurred prior to January 1, 2008, Megan's Law, not the AWA, applied.

2

**{¶5}** Reyes failed to timely file a direct appeal, and, in 2013, this court overruled Reyes' motion for leave to file a delayed appeal. *State v. Reyes*, 11th Dist. Portage No. 2013-P-0012, 2013-Ohio-1493. Thereafter, Reyes filed numerous motions in the trial court, many of which sought to vacate his pleas or requested postconviction relief. We affirmed several of these judgments on appeal, and we dismissed other appeals for failure of Reyes to file an appellate brief or for lack of a final, appealable order. *See State v. Reyes*, 11th Dist. Portage No. 2013-P-0049, 2014-Ohio-1679; *State v. Reyes*, 2015-Ohio-5344, 55 N.E.3d 485 (11th Dist.); *State v. Reyes*, 11th Dist. Portage No. 2016-P-0010, 2016-Ohio-5673; *State v. Reyes*, 11th Dist. Portage No. 2021-P-0014, 2021-Ohio-3478; *State v. Reyes*, 11th Dist. Portage Nos. 2016-P-0023 and 2016-P-0024 (Aug. 15, 2016) (judgment entry dismissing appeals for failure to prosecute); *State v. Reyes*, 11th Dist. Portage No. 2020-P-0048, 2020-Ohio-4955 (dismissing appeal for lack of a final, appealable order).

**{¶6}** In one prior appeal, Reyes challenged the trial court's denial of his motion to vacate his AWA classification under its continuing jurisdiction to correct void judgments. *Reyes*, 2021-Ohio-3478, at ¶ 4. With respect to whether his classification was "void," this court relied on the decisions of the Ohio Supreme Court in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. In those cases, "the Supreme Court of Ohio returned to the 'traditional understanding' of void and voidable judgments." *Reyes*, 2021-Ohio-3478, at ¶ 8, quoting *Harper* at ¶ 4; and *Henderson* at ¶ 34. "Pursuant to the traditional view, '[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the

3

court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Reyes*, 2021-Ohio-3478, at ¶ 8, quoting *Henderson* at ¶ 43. Therefore, this court concluded that any error in Reyes' sex offender classification, including any constitutional violation, would have resulted in a voidable, not void, judgment. *Reyes*, 2021-Ohio-3478, at ¶ 9. We affirmed the trial court's denial of Reyes' motion because "Reyes' classification was not void; his motion, construed as a postconviction relief petition, was untimely; and he [had] not established the statutory conditions for the trial court to consider a second petition." *Id.* at ¶ 15. Moreover, we concluded that "[b]ecause Reyes could have challenged the trial court's retroactive application of the Adam Walsh Act in a timely direct appeal from his conviction, any review of that issue in a postconviction relief petition [was] barred by res judicata." *Id.* at ¶ 16.

{¶7} The present appeal arises from the trial court's denial of Reyes' "motion to classify defendant under Megan's Law[.]" On November 14, 2022, this court issued an opinion addressing Reyes' following assigned error:

> The trial court abused its discretion when it denied Appellant's motion to classify Defendant under Megan's [Law], because the classification requirements inherent in Megan's Law are civil and remedial, and are not a punishment within the defendant's sentence.

*State v. Reyes*, 11th Dist. Portage No. 2022-P-0018, 2022-Ohio-4046, ¶ 1, *motion to certify allowed*, 169 Ohio St.3d 1497, 2023-Ohio-1242, 207 N.E.3d 829, ¶ 1, and *rev'd and remanded*, 2023-Ohio-3644, ¶ 1.

{¶8} In our November 14, 2022 opinion, this court reiterated our determination in Reyes' prior appeal, namely: "that his failure to file a timely direct appeal resulted in the forfeiture of his challenge to the trial court's retroactive application of the Adam Walsh Act

4

Case No. 2022-P-0018

and that his collateral attack on this alleged sentencing error is barred by the doctrine of res judicata." *Reyes*, 2022-Ohio-4046, ¶ 10, citing *Reyes*, 2021-Ohio-3478, at ¶ 9, 16, and *Henderson* at ¶ 90 (Donnelly, J., dissenting), citing *Harper* at ¶ 41 ("A direct appeal is the available legal process to address a trial court's alleged sentencing error, and the failure to challenge a sentencing error on direct appeal operates as res judicata to any later collateral attack on the judgment."). We concluded that Reyes had attempted to reframe his challenge in the present appeal, "but the result [was] the same. Because the trial court had subject matter jurisdiction and personal jurisdiction over Reyes, any error in the sentence—including the Adam Walsh Act Tier III classification—was voidable, not void." *Reyes*, 2022-Ohio-4046, at ¶ 11, citing *Reyes*, 2021-Ohio-3478, at ¶ 8-9, citing *Henderson* at ¶ 43. Accordingly, we affirmed the judgment of the trial court.

{¶9} Thereafter, on Reyes' motion, this court certified a conflict to the Ohio Supreme Court on the following issue:

> Whether the *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 7765 void/voidable analysis applies to Megan's Law reclassification proceedings, since Megan's Law reclassification proceedings are civil and remedial, not part of a criminal sentence, and, thus, separate entries and treated as separately appealable orders.

{¶10} The Supreme Court determined that a conflict existed and held the case for its decision in *Schilling*, 2023-Ohio-3027. *State v. Reyes*, 169 Ohio St.3d 1497, 2023-Ohio-1242, 207 N.E.3d 829.

{¶11} In *Schilling*, the Supreme Court addressed the issue of whether its holding in *Henderson* that "when a court has jurisdiction to act, any errors in the court's judgment are voidable and are subject to res judicata if they are not timely appealed," "applies to a trial court's erroneous classification of a defendant as a Tier I sex offender subject to the

5

registration and reporting requirements of Ohio's [AWA], * * * when the date on which the defendant committed the offense rendered the defendant subject to the registration and reporting requirements of Ohio's Megan's Law[.]" *Schilling* at ¶ 1, citing *Henderson* at ¶ 26-27.

{¶12} The Supreme Court answered this question in the negative, stating:

> A person's obligation to register and report as a sex offender under either of Ohio's sex-offender registration and reporting schemes does not arise by judicial determination. It arises by operation of law based on the sex-offense conviction itself. Accordingly, *Henderson* does not apply here, because [the] holding in that case *applies only with respect to errors in a trial court's exercise of its judgment*.

(Emphasis added.) *Schilling* at ¶ 2. On the authority of *Schilling*, the Supreme Court reversed our November 14, 2022 judgment in the present case and remanded the matter to this court for further consideration. *State v. Reyes*, 2023-Ohio-3644, --- N.E.3d ---- (Oct. 10, 2023).

{¶13} We now proceed to further consider the present appeal pursuant to the *Schilling* decision.

{¶14} First, we note that in its discussion of *Henderson*, the *Schilling* Court stated:

> Our decision in *Henderson* does not apply to the trial court's erroneous classification of Schilling as a Tier I sex offender under the AWA instead of as a sexually oriented offender under Megan's Law. Neither Schilling's sentencing entry nor any other judgment entered by the trial court in this case actually imposed, by judicial determination, the Tier I classification. *The only such documents in the trial-court record that even mention Schilling's purported status as a Tier I sex offender are the document signed by Schilling and the trial-court judge that informed Schilling of his duty to register and report as a Tier I offender and the court's entry noting that Schilling had been informed of those duties.* Neither of these is a trial-court judgment such that our holding in *Henderson* might apply to any error it may contain.

6

(Emphasis added.) *Schilling*, 2023-Ohio-3027, at ¶ 23. Thus, in *Schilling*, "there [was] no court order or judgment in the record declaring that Schilling ha[d] been determined to be a Tier I sex offender under the AWA, but rather only an indication that he had received notice of his purported Tier I status and reporting requirements[.]" *Schilling* at ¶ 24.

{¶15} Unlike *Schilling*, Reyes' sentencing entry specifically states, "The Court finds the Defendant is a Tier III Sex Offender."[1] Nevertheless, in *Schilling*, the Supreme Court emphasized that the applicable statutory reporting scheme is determined by operation of law based on the date of the offense. *Schilling* at ¶ 24-25. Further, the Supreme Court did not specifically limit its holding to the facts present in *Schilling*; instead, it phrased its holding as follows:

> [W]e hold that a person's classification as a sexually oriented offender under Megan's Law occurs by operation of law, and therefore, our recent decision in *Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, does not apply to a trial court's error in determining a person's sex-offender classification.

*Schilling* at ¶ 39. Therefore, because there is no dispute that Reyes committed the offenses prior to the effective date of the AWA, Reyes' classification under Megan's Law occurred by operation of law, and the *Henderson* holding does not apply to the trial court's error in finding that Reyes was a Tier III offender under the AWA.

{¶16} Next, although our November 14, 2022 opinion did not address whether Reyes' present motion should be recast as a petition for postconviction relief, we did note

---

1. As with *Schilling*, it is unsurprising that the trial court misclassified Reyes under the AWA, as he was sentenced in 2010, prior to the Supreme Court's 2011 decision in *Williams*. *See Schilling* at ¶ 10, fn. 1 ("Our decision in Williams—holding that the retroactive application of the AWA is unconstitutional—was issued approximately three years after Schilling's conviction in this case. It is therefore understandable that the trial court labeled Schilling a Tier I sex offender subject to the registration and reporting duties of the AWA and that no appeal was taken from that determination.").

7

Case No. 2022-P-0018

that Reyes had attempted to reframe his prior motion, which we had construed as a postconviction petition on appeal. *Reyes*, 2022-Ohio-4046, at ¶ 11; *Reyes*, 2021-Ohio-3478, at ¶ 15. Pursuant to R.C. 2953.21(A), an offender meeting certain statutory criteria may file a petition to vacate or set aside the judgment or sentence in the court that imposed sentence. Because the *Schilling* Court held that the applicable classification between Megan's Law and the AWA is imposed by operation of law, and thus not by judgment of the trial court, we conclude that Reyes' motion for classification under Megan's Law is not subject to recasting as a motion for postconviction relief. Accordingly, Reyes' motion is not subject to the requirements of R.C. 2953.21(A).

{¶17} Accordingly, we reverse the judgment of the trial court and remand this matter for classification of Reyes under the version of Megan's Law that was in effect at the time Reyes committed the offenses.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-P-0018