[Cite as *State ex rel. Slaughter v. Foley*, 2021-Ohio-545.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. KEVIN
SLAUGHTER

    Petitioner

    v.

KEITH FOLEY, WARDEN

    Respondent

C.A. No.    20CA011659

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: March 1, 2021

PER CURIAM.

{¶1} Petitioner, Kevin Slaughter, has petitioned this Court for a writ of habeas corpus to compel Respondent, Warden Foley, to release him from custody. Warden Foley has moved to dismiss and Mr. Slaughter has responded. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d

389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3} According to Mr. Slaughter's petition, he entered a plea of guilty to aggravated murder in 1993. The trial court sentenced him to life in prison with parole eligibility after 30 years. The petition alleges that, pursuant to statute, the trial court was required to sentence him to "life in prison with parole eligibility after 30 *full* years" rather than "parole eligibility after 30 years" as written in the judgment of conviction. Thus, according to the petition, the sentence is void because it did not comply with a statutory requirement. The petition did not allege that the trial court lacked jurisdiction, only that the sentence was void because it did not comply with the statutory requirement.

{¶4} Warden Foley moved to dismiss. He argued that habeas corpus relief is only available when the prisoner demonstrates that he is entitled to immediate release from confinement. He further argued that because appeal provided an adequate remedy to challenge the sentence, habeas corpus is not available.

{¶5} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If this Court concludes that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. On the other hand, if the petition fails to state a claim, this Court should dismiss the petition. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Slaughter must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction.

*Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Slaughter has only alleged that there is an unlawful restraint on his liberty because his sentence is void.

{¶6} As noted above, to dismiss the petition, it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of the petitioner, that he can prove no set of facts warranting relief. *State ex rel. Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996). In the absence of a patent and unambiguous lack of jurisdiction, a trial court with general subject matter jurisdiction can determine its jurisdiction and an adequate remedy at law can be obtained through an appeal of that decision. *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, ¶ 9.

{¶7} Mr. Slaughter has alleged that because the trial court's sentence omitted the word "full" that the sentence is void and, therefore, the warden's restraint of him is unlawful. This Court addressed this specific issue in *State v. Slaughter*, 9th Dist. Lorain No. 18CA011293, 2019-Ohio-2154. In that case, Mr. Slaughter appealed the trial court's denial of his motion to resentence. *Id.* at ¶ 1. On appeal, Mr. Slaughter argued that his sentence was void because the trial court did not include "full" in his sentence. *Id.* at ¶ 3.

{¶8} This Court rejected Mr. Slaughter's argument. We noted that the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances and that we would not extend it without clear direction from the Supreme Court. *Id.* at ¶ 9. After

that decision, the Supreme Court provided clear direction that supported this Court's conclusion:

> Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.

*State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 27.

{¶9} Pursuant to *Henderson*, it is now clear that the trial court's failure to include "full" in Mr. Slaughter's sentence did not result in a void judgment. Instead, the sentence was voidable because the trial court had jurisdiction over the case and the defendant, neither of which were challenged by the petition.

{¶10} Considering Mr. Slaughter's allegations as true, they are insufficient to warrant habeas corpus relief. He alleged that his sentence was void and, therefore, his restraint was unlawful. Pursuant to *Henderson*, however, his sentence was voidable, not void. Accordingly, his allegations of a voidable sentence are insufficient to warrant habeas corpus relief.

{¶11} The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Slaughter. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

KEVIN SLAUGHTER, Pro Se, Petitioner.

DAVE YOST, Attorney General, and JERRI L. FOSNAUGHT, Assistant Attorney General, for Respondent.