**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Slaughter v. Foley*, Slip Opinion No. 2021-Ohio-4049.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4049

THE STATE EX REL. SLAUGHTER, APPELLANT, *v.* FOLEY, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Slaughter v. Foley*, Slip Opinion No. 2021-Ohio-4049.]**

*Habeas corpus—If a court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction, including sentences in which a trial court fails to impose a statutorily mandated term, is voidable—A sentence that is voidable cannot be challenged in habeas corpus, because the inmate has an adequate remedy through direct appeal—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-0416—Submitted September 7, 2021—Decided November 17, 2021.)

APPEAL from the Court of Appeals for Lorain County

No. 20CA11659, 2021-Ohio-545.

_____

**Per Curiam.**

{¶ 1} Appellant, Kevin Slaughter, an inmate at the Grafton Correctional Institution, appeals the judgment of the Ninth District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Warden Keith Foley. We affirm.

*Background*

{¶ 2} In January 1993, Slaughter pleaded guilty to aggravated robbery and was sentenced to a prison term of 10 to 25 years. *See* Lorain Cty. case No. 92CR04-1574. He has served the full term.

{¶ 3} Also in January 1993, Slaughter pleaded guilty to aggravated murder with a capital specification. *See* Lorain Cty. case No. 92CR04-1558. The sentencing entry imposed a sentence of "[l]ife with parole eligibility after 30 years."

{¶ 4} On July 30, 2020, Slaughter filed a petition for a writ of habeas corpus in the Ninth District Court of Appeals. He alleged that life imprisonment with parole eligibility *after* 30 years was not a permissible sentence under Ohio law. Instead, he alleged, he should have been sentenced, under the law in effect at the time, to a term of 30 "full" years. Based on these allegations, Slaughter alleged that he was entitled to a writ of habeas corpus immediately releasing him from confinement.

{¶ 5} The court of appeals granted Warden Foley's motion to dismiss. 2021-Ohio-545, ¶ 1. The court held that Slaughter's sentence was voidable, not void, and therefore Slaughter did not state a claim for relief in habeas corpus. *Id.* at ¶ 10.

{¶ 6} Slaughter appealed.

*Legal analysis*

{¶ 7} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-*

*Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). Habeas corpus will lie only if the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995).

{¶ 8} We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

{¶ 9} Slaughter alleged that he could not be detained pursuant to a sentence that the trial court had no legal authority to impose. But we rejected that argument in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. In *Henderson*, the trial court sentenced the inmate to a definite term of 15 years when it should have imposed an indefinite sentence of 15 years to life. *Id*. at ¶ 1. We held that if a trial court has jurisdiction over the case and the person, then any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable, not void. *Id*. at ¶ 37. And a sentence that is voidable cannot be challenged in habeas corpus, because the inmate has an adequate remedy through direct appeal. *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14.

{¶ 10} In his merit brief, Slaughter contends that his habeas corpus petition did not challenge his sentence as void. Rather, he claims that because the court had no statutory authority to impose the sentence it did, he was raising a challenge to

the court's subject-matter jurisdiction. We rejected this argument in *Henderson* when we held that the imposition of a statutorily unauthorized sentence by a court that otherwise has jurisdiction constitutes an error that is correctable on direct appeal, not a defect in that court's subject-matter jurisdiction.

{¶ 11} The court of appeals correctly applied *Henderson* when it dismissed Slaughter's petition. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Kevin Slaughter, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____