[Cite as *State v. Schilling*, 2022-Ohio-1773.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210363 |
|  |  | TRIAL NO. SP-1900002 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MICHAEL SCHILLING, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 27, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Paul Croushore*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Michael Schilling appeals the trial court's judgment denying his motion, filed pursuant to R.C. 2950.15, to terminate his duty to comply with his Tier I sex-offender registration requirements. We reverse the trial court's judgment and remand this cause for the trial court to determine whether to terminate Schilling's duty to register pursuant to R.C. 2950.15.

**Facts and Procedure**

{¶2} On June 11, 2008, Schilling, a Kentucky resident, pleaded guilty to and was convicted of attempted voyeurism in the Hamilton County Municipal Court for an incident that occurred on September 25, 2007. The trial court, albeit erroneously, classified him as a Tier I sex offender and informed him of his registration duties under Ohio's version of the Adam Walsh Act ("AWA"). As a Tier I offender under Ohio law, Schilling was required to register annually for 15 years. Schilling was sentenced to 90 days, with 80 days suspended, a fine, costs, and three years of community control. He served his time, paid his fine and costs, and completed a sex-offender-treatment program. His community control was terminated. Because he was a Kentucky resident, Schilling registered with the Kentucky State Police as a sex offender.

{¶3} In 2019, Schilling moved to Ohio. On September 10, 2019, Schilling filed a motion to terminate his registration duties under R.C. 2950.15. R.C. 2950.15 provides that an eligible offender may make a motion to the common pleas court requesting that the court terminate his duty to comply with the registration requirements "upon expiration of ten years after the eligible offender's duty to comply * * * begins in relation to the offense for which the eligible offender is subject to those provisions." R.C. 2950.15 (A), (B) and (C). An eligible offender "means a person who is convicted of, pleads guilty to, was convicted of, or pleaded guilty to a sexually

2

oriented offense * * * regardless of when the offense was committed, and is a tier I sex offender * * *." R.C. 2950.15(A).

{¶4} The state filed a memorandum in opposition to Schilling's motion. The state argued that Schilling was erroneously classified as a Tier I offender under the AWA because he committed his offense prior to the effective date of the AWA, and therefore, under *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, he was a sexually oriented offender by operation of law under Megan's Law. Further, the state argued that as a sexually oriented offender under Megan's Law, R.C. 2950.15 did not apply to Schilling, because the statute defines "eligible offender" as a Tier I sex offender. Following a hearing, the trial court entered an order stating that, pursuant to *Williams*, Schilling was a sexually oriented offender under Megan's Law.

{¶5} On March 3, 2021, Schilling filed an "Amended Motion to Terminate Registration." In that motion, Schilling argued that since the court had determined that he was a sexually oriented offender under Megan's Law, he had only a ten-year registration requirement. Because he had been registering for over ten years, including the time that he had registered in Kentucky, Schilling argued that he had completed his ten-year registration requirement under Megan's Law, and therefore, he no longer had a duty to register. The state opposed the motion arguing that R.C. 2950.07(E) excludes credit for time spent registering in another state for an Ohio conviction, and therefore, his Kentucky registration time did not count toward his ten-year Ohio registration duty under Megan's Law. The state argued that only when Schilling moved to Ohio did his ten-year Ohio registration requirement begin to run. Therefore, the state argued, Schilling had not registered for the required ten years under Ohio law.

{¶6} Following a hearing on May 27, 2021, the trial court entered an order on June 9, 2021, entitled "Entry Denying Request to Credit Offender for Out-of-State

3

Registration Time and to Terminate Sex Offender Registration Duty in Ohio." In its entry, the trial court stated that the court "denies the petitioner's request to order the Hamilton County Sheriff's Department to credit any out-of-state registration time to be applied to petitioner's Ohio sex offender registration period[.]" Schilling has appealed.

**Assignment of Error**

{¶7} Schilling's assignment of error alleges that the trial court erred in denying his motion to terminate his duty to register. Specifically, Schilling's assignment of error states, "As no appeal had been taken by the state of the 2008 final order classifying Mr. Schilling a Tier I offender rather than as a sexually oriented offender, the trial court erred in applying the former law."

*Schilling's Argument*

{¶8} Schilling argues, citing the Ohio Supreme Court's decision in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, that the trial court had no authority to "correct" the 2008 judgment classifying him as a Tier I sex offender under the AWA because the original trial court had jurisdiction to enter the judgment, and the judgment was never appealed. Because the trial court in 2008 had subject-matter jurisdiction over the case and personal jurisdiction over the parties, the judgment was voidable, not void, and since no appeal was taken, the judgment cannot now be overturned. *See id.* Therefore, Schilling is still a Tier I offender, and he is eligible to have his petition to terminate his duty to register considered under R.C. 2950.15.

{¶9} The AWA is punitive and is a part of the defendant's sentence; and it may not constitutionally be applied to those offenders who committed their offenses prior to its effective date. *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at syllabus and ¶ 16; *State v. Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-

120067, 2012-Ohio-5281. Therefore, Schilling's Tier I classification is a part of his criminal sentence.

{¶10} In *Henderson*, the Ohio Supreme Court stated that it was returning to its "traditional understanding" of void and voidable judgments. Under the traditional view, a "judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any error in the exercise of that jurisdiction is voidable." *Henderson* at ¶ 43. "The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." *Id.* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927).

{¶11} Henderson had been sentenced to 15 years plus a three-year term for a firearm specification. Shortly before he was to be released, the state filed a motion for resentencing, arguing that the original sentence was void because it was an unlawful sentence in that the court had imposed 15 years instead of the proper indefinite sentence of 15 years to life. The Supreme Court held that the sentence was voidable, not void, even though it was unlawful, because it had been imposed by a court having jurisdiction over the subject matter of the case and the person of the defendant. Therefore, neither the state nor the defendant could challenge the sentence.

{¶12} In *State ex rel. Slaughter v. Foley*, 166 Ohio St.3d 222, 2021-Ohio-4049, 184 N.E.3d 87, the Supreme Court of Ohio cited *Henderson* in holding that where the trial court has jurisdiction over the case, any error in the exercise of that jurisdiction, including imposing a sentence in which the court failed to impose a statutorily-mandated term, is voidable, not void; and the sentence cannot be challenged in habeas corpus, because the defendant had an adequate remedy through a direct appeal. The Supreme Court specifically stated that it was rejecting the defendant's argument that

because the trial court had no authority to impose the unlawful sentence, he was raising a challenge to the court's subject-matter jurisdiction. The court pointed out that it had rejected the same argument in *Henderson* where it held "that the imposition of a statutorily unauthorized sentence by a court that otherwise has jurisdiction constitutes an error that is correctable on direct appeal, not a defect in that court's jurisdiction." *Foley* at ¶ 10.

{¶13} *State v. Reyes*, 11th Dist. Portage No. 2021-P-0014, 2021-Ohio-3478, *discretionary appeal not allowed*, 165 Ohio St.3d 1505, 2022-Ohio-85, 179 N.E.3d 123, *discretionary appeal not allowed*, 165 Ohio St.3d 1541, 2022-Ohio-397, 180 N.E.3d 1175, supports Schilling's argument. In June of 2010, Reyes pleaded guilty to four counts of rape, which had occurred between October 1, 2006, and January 1, 2007. He was sentenced on July 8, 2010, to an aggregate term of 30 years in prison and erroneously classified as a Tier III sex offender under the AWA. The trial court subsequently overruled various motions and postconviction petitions. Reyes filed a motion to vacate his Tier III classification, which the trial court overruled. Reyes appealed, arguing under *Williams* that the court should not have classified him under the AWA because his offenses had occurred prior to its effective date. The Eleventh District held that *Henderson* applied. The order classifying Reyes was voidable, not void, and because Reyes did not challenge his classification in a timely direct appeal, which would have been his earliest opportunity to do so, he could not challenge it now. Further, although some voidable judgments may be corrected by way of a postconviction petition, Reyes did not meet the criteria for entertaining a successive postconviction petition; the court pointing out that *Williams* had been decided prior to Reyes's first postconviction petition. The Eleventh District also held that Reyes was precluded by res judicata from raising any challenge to his classification because he

could have raised it on direct appeal. The Supreme Court of Ohio declined to accept jurisdiction of Reyes's appeal.

*The State's Argument*

{¶14} The state argues that the 2008 judgment classifying Schilling as a Tier I sex offender was void and subject to correction by the trial court. Citing *In re Von*, 146 Ohio St.3d 448, 2016-Ohio-3020, 57 N.E.3d 1158, the state argues that as a Megan's Law offender, Schilling cannot file a petition under R.C. 2950.15.

{¶15} In *Von*, Von had been convicted in 1997 in Colorado of sexual assault. In August of 2011, Von moved to Ohio and registered as a sex offender, but he did not specify his classification. Later in the case, Von filed documents showing that he had been classified in Colorado as a "(Pre AWA) SEXUAL PREDATOR." He moved to terminate his registration duty under R.C. 2950.15. The Supreme Court of Ohio held that since Von had committed his offenses prior to the effective date of the AWA, he could not move under R.C. 2950.15 to terminate his registration duties. The court stated, "The registration termination procedure delineated in R.C. 2950.15 does not apply to sex offenders who committed their offenses prior to January 1, 2008 [the effective date of Ohio's version of the AWA]." *Id.* at ¶ 24. The court determined that since the AWA could not constitutionally be applied to offenders who committed their offenses prior to its effective date, they cannot be eligible offenders under R.C. 2950.15. The court pointed out that the record contained no evidence that Von had ever been classified as a Tier I offender, and that all the documentary evidence showed that he had been classified as a Megan's Law offender. (Unlike Schilling in this case who was clearly originally classified as a Tier I offender.)

{¶16} The state argues, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, and *State v. Cooper*, 1st Dist. Hamilton No. C-030921, 2004-Ohio-6428, that once Schilling was convicted of a sexually oriented offense that had

occurred while Megan's Law was effective, the classification of sexually oriented offender attached by operation of law, even though the original trial court did not hold a Megan's Law classification hearing. Further, the state argues that *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, held that the application of the AWA to offenders who had committed their offenses before its effective date was unconstitutional.

{¶17} The state points out that in *Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281, this court held that where a Megan's Law offender had been erroneously classified under the AWA, the classification judgment was void and could be corrected at any time. Lawson had already exhausted his direct appeal and had previously filed a postconviction petition that had been overruled. He then filed a motion to set aside a void judgment and requested resentencing. We stated that the imposition of an unlawful sentence was void and could be reviewed or attacked at any time. We stated that no matter the procedural posture of the case, when a trial court has imposed a sentence that it had no authority to impose, the sentence was void and must be vacated. However, this void-sentence jurisprudence was rejected by the Supreme Court in *Henderson*.

{¶18} *State v. Jones*, 12th Dist. Butler No. CA2020-07-080, 2021-Ohio-2149, supports the state's position. Jones was convicted on January 30, 2008, of various sex offenses in a 20-count indictment. The offenses had all occurred between 2001 and 2007, while Megan's Law was still in effect. The trial court sentenced Jones to 13 years and classified him as a Tier III sex offender under the AWA. In 2019, more than ten years later, the state filed a motion for the trial court to classify Jones under Megan's Law, because the AWA did not apply to Jones. The court held a Megan's Law classification hearing and classified Jones as a sexual predator. The court "amended"

its 2008 sentencing entry to reflect that a sexual-predator hearing was held in 2020 and that Jones was classified as a sexual predator under Megan's Law.

{¶19} On appeal, Jones argued that under *Henderson*, his classification under the AWA was voidable, not void; therefore, his 2008 aggregate sentence became a final judgment when neither party appealed, and the trial court erred in modifying the 2008 sentence by removing the AWA classification and adding the Megan's Law classification. The Twelfth District held that since Megan's Law proceedings were civil and remedial, not criminal, and were "legally distinct" from the underlying convictions and sentence, the Megan's Law classification was not a punitive component of Jones's sentence and did not affect the finality of his underlying convictions and sentence. *Id.* at ¶ 25. The state had requested the trial court to enforce the collateral consequences of Jones's criminal acts as defined in 2001 to 2007, which differed from the challenge to the offender's sentence in *Henderson*. *Id.* at ¶ 23. Once Jones was convicted of a sexually oriented offense that had occurred while Megan's Law was in effect, he was by operation of law a sexually oriented offender and automatically subject to classification under Megan's Law, and the trial court had jurisdiction to classify him at a later time. The appellate court held that the *Henderson* void/voidable analysis did not apply because Megan's Law classifications are not part of a criminal sentence. Therefore, the court had jurisdiction to hold a Megan's Law sexual-predator-classification hearing.

### *Schilling is a Tier I Offender*

{¶20} We decline to adopt the reasoning in *Jones*. Instead, we follow the reasoning in *Reyes*. Schilling's 2008 classification as a Tier I sex offender under the AWA was a part of his sentence. *See Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at syllabus and ¶ 16; *Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281. Because the original trial court had subject-matter

jurisdiction and personal jurisdiction over Schilling, the sentence, including the AWA tier classification, was voidable, not void, and since it was never appealed it cannot be corrected now. *See Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, at ¶ 43; *Reyes,* 11th Dist. Portage No. 2021-P-0014, 2021-Ohio-3478, at ¶ 8-9. This is true even though the sentencing error was constitutional in nature. *Henderson* at ¶ 17, citing *Tari*, 117 Ohio St. at 495, 159 N.E. 594; *Reyes* at ¶ 9-10. The trial court had no authority to enter the January 15, 2020 order stating that Schilling was a sexually oriented offender under Megan's Law. Therefore, that order must be vacated. Schilling is a Tier I offender under the AWA.

*Schilling is Entitled to Credit for his Kentucky Registration Time*

{¶21} The state argues that Schilling is not entitled to credit for the time that he registered in Kentucky, because R.C. 2950.07(E) excludes credit for registration time in another jurisdiction against his Ohio duty to register pursuant to R.C. 2950.04, which stems from his Ohio conviction. We hold that R.C. 2950.07(E) does not apply in this case. That statute applies to offenders who committed their offenses and were registering in another state; it says nothing about offenders who committed their offenses in Ohio.

{¶22} Schilling is required to register as provided in R.C. 2950.04(A)(2). *See* R.C. 2950.04(A)(1) and (A)(2). Pursuant to R.C. 2950.04(A)(2)(a), Schilling is required to personally register with the "sheriff * * * of the county within three days of the offender's coming into a county in which the offender resides * * * for more than three days." Further, R.C. 2950.04(A)(2)(e) provides that the "offender shall register with the sheriff * * * immediately upon entering into any state other than this state in which the offender attends a school or institution of higher education * * * or upon being employed in any state other than this state * * * regardless of whether the offender resides or has a temporary domicile in this state, the other state or a different

state." R.C. 2950.05, which requires the offender to give notice of an address change, among other things, provides that when the offender moves, the offender is required to give notice of the address change to the sheriff where he has been registering and to the sheriff where his new address is located. R.C. 2950.05(A) and (B). Those requirements apply "regardless of whether the new address * * * is in this state or another state. If the new address is in another state, the person shall register with the appropriate law enforcement officials in that state in the manner required under the law of that state and within the earlier of the period of time required under the law of that state or at least seven days prior to changing the address." R.C. 2950.05(C). R.C. 2950.05(F)(2) provides, "No person who is required to register a new address * * * with a sheriff or with an official of another state pursuant to divisions (B) and (C) of this section shall fail to register with the appropriate sheriff or official of the other state in accordance with those divisions."

{¶23} R.C. 2950.07(A)(3) provides, "If the offender's duty is imposed pursuant to division (A)(2) of section 2950.04 * * * the offender's duty to comply with those sections commences on the date of the offender's release from a prison term, a term of imprisonment, or any other type of confinement, or if the offender is not sentenced to a prison term, term of imprisonment, or any other type of confinement, on the day of the entry of the judgment of conviction of the sexually oriented offense * * *."

{¶24} The registration statutes contemplate that an offender may move to or be present in a different state during his registration period and they require that the offender personally register with the sheriff, or the appropriate law enforcement officials, of that state in order to comply with Ohio law. Further, the statutes dictate that the offender's duty to register will commence either when the judgment is entered or when the offender is released from confinement.

{¶25} R.C. 2950.07(D) provides that the registration duty is tolled for any period during which the offender is confined "in a secure facility." There is no other tolling provision that would apply to Schilling.

{¶26} Schilling's duty to register began in 2008. Pursuant to the Ohio statutes, that duty required him to register with the appropriate Kentucky law enforcement officials, which he did according to the evidence he attached to his motions. The state never challenged that he registered in Kentucky. There is nothing in the statutes to suggest that his registration time is tolled while he is out of state. To the contrary, the statutes clearly required him to abide by R.C. 2950.04's and 2950.05's requirements while in Kentucky. We hold that Schilling is entitled to credit for the time he registered in Kentucky, because by registering in Kentucky he was complying with his registration duties under Ohio law.

*Schilling is an Eligible Offender under R.C. 2950.15*

{¶27} Schilling is a Tier I sex offender who has registered for over ten years. We hold that Schilling is an eligible offender under R.C. 2950.15, and therefore, this cause must be remanded for the trial court to determine whether Schilling's duty to register should be terminated pursuant to R.C. 2950.15. Schilling's assignment of error is sustained.

## Conclusion

{¶28} The trial court's January 15, 2020 order declaring Schilling to be a sexually oriented offender under Megan's Law is vacated. The judgment of the trial court denying Schilling's request to credit his Kentucky registration time and terminate his registration duties is reversed, and this cause is remanded for the trial court to determine whether Schilling's duty to register should be terminated pursuant to R.C. 2950.15.

Judgment reversed and cause remanded.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

